FILED

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

MAR 1 - 2006

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 1:06CR65-WKW |
| | ) | [21 USC 846, |
| v. | ) | 21 USC 841(a)(1), and |
| | ) | 18 USC 471] |
| EDWARD EARL TILLER, | ) | |
| MICHAEL LEE WALKER, and | ) | **INDICTMENT** |
| TISI NICOLE JACKSON | ) | |
| | ) | |

The Grand Jury charges that:

## COUNT 1

On or about the 8th day of February, 2006, in Houston County, within the Middle District of Alabama, the defendants,

EDWARD EARL TILLER,
MICHAEL LEE WALKER, and
TISI NICOLE JACKSON,

did knowingly and intentionally conspire, combine and agree with each other to possess with intent to distribute fifty (50) grams or more of cocaine base, more commonly referred to as "crack cocaine," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846.

## COUNT 2

On or about the 8th day of February, 2006, in Houston County, within the Middle District of Alabama, the defendant,

EDWARD EARL TILLER,

did knowingly and intentionally possess with the intent to distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, more commonly referred to as "crack cocaine," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 3

On or about the 8th day of February, 2006, in Houston County, within the Middle District of Alabama, the defendants,

MICHAEL LEE WALKER, and
TISI NICOLE JACKSON,

did knowingly and intentionally possess with the intent to distribute five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, more commonly referred to as "crack cocaine," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 4

In or about the early portion of 2006 in Houston County, within the Middle District of Alabama, the defendant,

EDWARD EARL TILLER,

with intent to defraud, did counterfeit, falsely make, and forge obligations of the United States, that is, ninety-eight (98) falsely made, forged and counterfeited hundred-dollar Federal Reserve Notes, bearing serial number DK15684431A, and four (4) falsely made, forged and counterfeited hundred-dollar Federal Reserve Notes, bearing serial number BG46587843, in violation of Title 18, United States Code, Section 471.

## FORFEITURE ALLEGATION 1

A. Counts 1, 2, 3, and 4 of this indictment are hereby repeated and incorporated herein by reference.

B. Upon conviction for violation of Title 21, United States Code, Section 841(a)(1) as alleged in Counts 1, and/or 3 of this indictment, the defendants,

MICHAEL LEE WALKER, and,
TISI NICOLE JACKSON,

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Counts 1 and/or 3 of this Indictment.

C. Upon conviction for violation of Title 21, United States Code, Section 841(a)(1) as alleged in Counts 1, and/or 2 of this indictment, the defendant,

EDWARD EARL TILLER,

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Counts 1 and/or 2 of this Indictment.

D. If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

 (2) has been transferred or sold to, or deposited with, a third person;

 (3) has been placed beyond the jurisdiction of the Court;

 (4) has been substantially diminished in value; or

 (5) has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendants up to the value of the forfeitable property, all in violation of Title 21, United States Code, Sections 841.

## FORFEITURE ALLEGATION 2

A. Counts 1, 2, 3, and 4 of this indictment are hereby repeated and incorporated herein by reference.

B. Upon Conviction for violation of Title 18, United States Code, Section 471 as alleged in Count 4 of this indictment, the defendant,

EDWARD EARL TILLER,

shall forfeit to the United States pursuant to Title 18, United States Code, Section 492 and Title 28, United States Code, Section 2461, any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count 4 of this Indictment.

C. If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendant:

 (1) cannot be located upon the exercise of due diligence;

 (2) has been transferred or sold to, or deposited with, a third person;

 (3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty; the United States intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the forfeitable property, all in violation of Title 18, United States Code, Sections 471.

A TRUE BILL:

*[signature]*
Foreperson

*[signature]*
JOHN T. HARMON
Assistant United States Attorney

*[signature]*
A. CLARK MORRIS
Assistant United States Attorney